VERTICH, APPELLEE, *v.* SANDER, APPELLANT.

(No. 956—Decided June 22, 1949.)

*Messrs. Baden & Fiehrer,* for appellee.
*Mr. Bradley Schaeffer,* for appellant.

BY THE COURT. This is an appeal on questions of law from a judgment of the Court of Common Pleas of

Butler County, rendered in favor of the plaintiff in an action tried to the court without a jury.

In the petition the plaintiff sets out a check for $5,000, dated January 4, 1945, and signed by the defendant, which plaintiff claims he presented for payment to the bank upon which the check was drawn and that payment was refused because the defendant-maker had no funds therein.

The defendant in his answer sets up payment of this check, on or about February 1, 1945, by delivery of pay-roll checks which defendant had cashed for employees and some $1,000 in cash, and alleges that his check to the plaintiff upon which the action was predicated was not returned to him, because the plaintiff could not find it and that he was told it would be destroyed when the plaintiff found it.

The evidence shows that this first check upon which suit is brought was found by plaintiff with a will, with which it had been mislaid. This was in March 1947.

Now the evidence clearly shows, and it is not disputed, that the original indebtedness of the defendant to plaintiff was paid by transfer of pay-roll checks and cash, and the plaintiff did not surrender the check given by the defendant to plaintiff, because the plaintiff could not find it.

The defendant pleaded payment of this check and proved payment.

The reply was simply a general denial and raised no new issue.

It appears from the record that the trial was not confined to this simple issue. Transactions similar in character to the original transaction were carried on, that is, the plaintiff advanced money to the defendant to cover the payment of pay-roll checks presented to the defendant, who had purchased the plaintiff's cafe. Finally, it appears that there was an advancement by plaintiff which he claims the defendant did

not cover by deposit of pay-roll checks or cash, as had been done in the past. The defendant claims this last advancement of $5,000 was paid directly to plaintiff. The plaintiff claims he never received it. Apparently, both parties accepted this development of the original action into an action for an unpaid balance of a running account, in which the plaintiff advanced money and received payment until the last advancement. Having so accepted this theory of the controversy, it is too late after judgment to question the theory upon which the case was tried.

The positions of the plaintiff and defendant are wholly irreconcilable. Either the plaintiff or the defendant is mistaken about the final settlement.

The trial court in its opinion reviews at length the inferences to be drawn from facts collateral to the positive testimony of the parties.

It is apparent, as stated by the trial court, that the defendant assumed the burden of showing payment of any indebtedness due plaintiff.

In the opinion of the court he failed to sustain the burden of showing that he had paid the final advancement—a renewal of the original debt.

There was substantial evidence to sustain the conclusion that at the time of filing the petition, the defendant owed the plaintiff $5,000, which originated in the check forming the basis of the action.

The conclusion of the trial court, that the evidence failed to sustain the claim of defendant that this final renewal of the original debt was paid, is the result of the disposition of a factual issue, and the record does not justify setting aside such conclusion.

The judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.